■ HAROLD THATCHER, Respondent, v. JACK ENGELBERG, Appellant.— Appeal by defendant from a judgment of the Supreme Court at Trial Term in Saratoga County entered upon a verdict of $14,000 in a personal injury negligence action and from an order denying defendant's motion to set aside the verdict. The single issue of excessiveness is presented on appeal. When his automobile and that of defendant were in collision on September 8, 1960 plaintiff principally sustained injuries to his neck. During the ensuing 13 days a general practitioner prescribed medication on three occasions for symptoms of pain, muscular stiffness and loss of motion in the paraspinal area. Thereafter and until January 20, 1961 an orthopedic specialist to whom plaintiff was referred administered treatment mainly by means of massage in the course of seven visits to his office on the last of which it was found that plaintiff "was feeling well" and had "no restriction or tenderness in the neck." This physician testified that diagnostic compression and distraction tests and a neurological examination were negative. Plaintiff received no further medical treatment and except for a two-week period of disability immediately following the accident continued his work. He incurred medical expense in the sum of $168 and lost wages amounting to $220. During the progress of the trial which took place about one and one half years after he had last seen a doctor, plaintiff was examined by both attending physicians who found that his symptoms had reverted to their original status. Based thereon, each in substance expressed the opinion, which is not disputed, that plaintiff will suffer intermittent recurring neck pain and stiffness not otherwise definitively identified in time and circumstance for the remainder of his life. There was testimony by plaintiff that in the execution of some

movements connected with his employment as an automotive mechanic he suffered pain and some restriction of the motion of his neck. There is neither proof of need for further medical treatment for the injury nor of the probable incurrence of loss of earnings resulting from future disablement. Our analysis of the medical evidence in this record indicates that the compensatory evaluation of plaintiff's injuries by the jury exceeded the bounds of reason. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event, unless within 20 days after service of a copy of the order to be entered hereon, respondent shall stipulate to reduce the verdict to $10,000 in which event judgment, as so modified, affirmed, with costs. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.